# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0150** (Jefferson County CC-19-2020-F-25)

**Gino Renaldo Estep,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gino Renaldo Estep appeals the judgment order of the Circuit Court of Jefferson County, entered on December 6, 2021, confirming that the circuit court denied petitioner's motion for judgment of acquittal and adjudging petitioner guilty of felony conspiracy (W. Va. Code § 61-10-31) and possession of a firearm by a prohibited person (W. Va. Code § 61-7-7(a)(1)). For these convictions, the court sentenced petitioner to concurrent terms of imprisonment for one to five years and one year, respectively. Having fully reviewed the parties' briefs and the appendix record on appeal, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.[1]

Mr. Estep was convicted in a jury trial in November 2021 of the charges described above. His conviction was based on events that unfolded in January 2019 when Mr. Estep (himself legally prohibited from purchasing a firearm) was observed at various firearms dealers with several individuals including Shanikqua Clark, who purchased or attempted to purchase firearms. Ms. Clark and another man successfully purchased firearms at four locations. Critically, Ms. Clark testified at Mr. Estep's trial that she purchased firearms at Mr. Estep's request after he and several individuals agreed to purchase firearms for resale. She also testified that because the first store employee terminated an attempted sale when he saw Mr. Estep give her cash, Mr. Estep gave her cash before entering stores for the later transactions.

Though Mr. Estep did not directly engage in a firearms transaction, the jury found that the evidence supported the conclusion that he conspired to violate West Virginia Code § 61-7-10(f) (2010), which at the time of the events underlying Mr. Estep's indictment provided, in part:

> Any person who knowingly solicits, persuades, encourages or entices a licensed dealer or private seller of firearms or ammunition to transfer a firearm or ammunition under circumstances which the person knows would violate the laws

---

[1] Petitioner appears by counsel Barry P. Beck. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

of this state or the United States is guilty of a felony. Any person who willfully procures another to engage in conduct prohibited by this subsection shall be punished as a principal.

On appeal, Mr. Estep argues that the circuit court erred in denying his motion for judgment of acquittal because the State failed to prove that he conspired to violate this statute. It is not possible that he conspired, he argues, because the statute did not prohibit "straw" purchases like those the State alleged he engineered; rather, he reasons, the conduct is only prohibited if the firearms seller knows the transaction to be prohibited.[2] Because Mr. Estep challenges the denial of his motion for acquittal based on the sufficiency of the evidence, the Court applies a de novo standard of review. *State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996). Furthermore,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Mr. Estep was convicted of criminal conspiracy under West Virginia Code § 61-10-31, which provides, in part, that "[i]t shall be unlawful for two or more persons to conspire . . . to commit any offense against the State . . . . Any person who violates the provisions of this section by conspiring to commit an offense against the State which is a felony . . . shall be guilty of a felony. . . ." To prove conspiracy under this section, the State "'must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy.' Syl. Pt. 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981)." Syl. Pt. 3, *State v. Burd*, 187 W. Va. 415, 419 S.E.2d 676 (1991). We find that the State produced sufficient evidence at Mr. Estep's trial to support a conviction under this section, and that proof of the firearms sellers' knowing participation was not necessary to satisfy an element of the offense.

It is apparent from the trial evidence, and particularly Ms. Clark's testimony, that Mr. Estep reached an agreement with others who attempted to solicit firearms from licensed dealers, though Mr. Estep and his accomplices knew that Mr. Estep's possession of those firearms would violate West Virginia laws. It is further evident that Mr. Estep willfully procured the assistance of Ms. Clark and others. Because the evidence unequivocally supports a finding that he, Ms. Clark, and others conspired to commit this offense, we find ample evidence supporting the jury verdict that Mr. Estep is guilty of felony conspiracy. His conviction under West Virginia Code § 61-10-31 is

---

[2] A "straw purchaser" is "a person who buys a gun on someone else's behalf while falsely claiming that it is for himself." *Abramski v. United States*, 573 U.S. 169, 171-72 (2014).

supported by the evidence of record because any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn